Peaesok, C. J.
The injunction ought to have been dissolved on the ground that it was improvidently issued. By their own showing, the plaintiffs bring themselves within the maxim, “a party must come into equity with clean hands;” and their case falls under the principle which is acted on, both at law and in equity, i. e. the courts will not enforce an agreement which is unlawful, immoral, or against public policy, at the instance of one in pari delieto; Melvin v. Easley, 7 Jones’ Law, 356.
The bill, among other things, alleges that the note in controversy, and others of a like kind, were executed in order to close the subscription of the Carolina City Company to the Eail Eoad Company, and thereby enable the Eail Eoad Company to make the certificate, which was necessary to obtain from the public treasurer, the last instalment of the State subscription, with the understanding that the Eail Eoad company would th^n complete the works at Carolina city, and with the further understanding, that no money would be required to be paid on the notes, and time would be given to make sale of the lots, and tüe sale notes be accepted in satisfaction, and “on being asked to reduce this arrangement to writing, the president of the Eailroad company refused: saying *398 “that he preferred not to do so, because he could not then so clearly certify to the Governor; but, at the same time, pledged his word, and said he was authorised to pledge the directors to this arrangement,” and upon the faith of this pledge publicly and solemnly made, the notes were executed.
The charter of the Railroad contains this clause: “ Provided, the treasurer and president of said company shall, before-they receive the aforesaid instalments, satisfactorily assure the Board of Internal Improvements, by certificate, under the seal of the- said company, that an amount of the private subscription has Tyeen %>md\ in equal proportion to- the payment required of the State.”
So, the very purpose of the agreement which the bill seeks to enforce, was to enable the Railroad company to obtain money from the State without a compliance with the previsions of the charter.
But, in the second place, the bill is not so framed as to- entitle the plaintiffs to their supposed equity against the defendant. It is alleged that the city company made the subscription to the Railroad company upon an agreement that certain works should be constructed at the city, and that the works stipulated for, have not been completed. Admit that this agreement could be- established, and would not fall under the case of N. C. Railroad Company v. Leach, 4 Jones 340, the equity arising from it would be that of the Carolina city company, and clearly the plaintiffs are not at liberty to- set up an equity on the part of the city company, without making it a party to the bill, even supposing that this equity was not waived by paying off its subscription with the individual notes of the stockholders, and thereby entitling itself to so much stock in the Railroad company as was paid for.
As a further ground of equity, the bill alleges that the defendant agreed not to enforce the payment of the note in money, but to wait until the city company could sell lots, and then to accept from it “sale notes” in payment of the notes in question, which the' city company passed to the Railroad company in discharge of its stock, and that sale notes had been accordingly tender *399 ed to the defendant before the institution of the suit at law. To this ground there are three fatal objections.
The city company was a party to this arrangement, and, of course, ought to be a party to a suit which seeks to enforce it.
The bill does not aver that the plaintiffs still have the sale notes ready to hand over to the defendant in discharge of the judgment at law; and, it may be, the sale notes have been appropriated to other purposes, if so, they ought clearly to pay the judgment.
The bill sets up no primary equity in aid of which the injunction is asked for, but is framed upon the idea that the injunction is to be made perpetual, and then the matter is to stop, leaving the stock which the city company holds in the Railroad company unpaid, and the controversy in regard to it, unsettled. An injunction is only granted as ancillary to some primary equity, except to stay waste and prevent irreparable injury. This subject has been so often explained in our decisions, within the last few years, that it is unnecessary to enter into it again. There is no error.
Pee Cueiam, Decretal order affirmed.